## Sawyer v. Armstrong.

23　287
15a 349
23　287
20a 512

1. OBLIGATION—STATUTORY CONSTRUCTION.

Whenever the word " obligation " is used in a statute as the name of a contract, an agreement in writing is meant; but where it is used with reference to a legal duty or liability, the term includes any indebtedness arising from contract, express or implied, oral or written.

2. SAME—PARTNERSHIP INDEBTEDNESS.

A partnership indebtedness is a joint indebtedness or obligation within the purview of sections 42 and 235 of the code.

3. SAME—BRINGING IN NEW PARTIES.

A partner who has not been served with process, and who has not appeared in the action, may be brought in under section 235 of the code after judgment against his copartners and be bound by such judgment.

4. SAME—JUDGMENT—IMMATERIAL ERROR.

If the judgment set out in the statement of this case does not strictly conform to all the requirements of section 42 of the code, the defect is at most an informality which does not prejudice the rights of the plaintiff in error.

*Error to the County Court of Arapahoe County.*

IN 1884, John D. Armstrong brought an action in the county court of Arapahoe county against John S. Sanderson, Amos Sawyer, Marcus Finch and P. T. Smith, as partners doing business under the firm name of J. S. Sanderson & Company, to recover for goods, wares and merchandise, sold and delivered.  Summons was issued and served upon John S. Sanderson, Marcus Finch and P. T. Smith on September 3, 1884.  This original summons was not served upon Amos Sawyer.  On January 15, 1885, trial was had, and the court found in favor of plaintiff and against the defendants served, and rendered the following judgment:

" Wherefore, it is ordered, adjudged and decreed by the court that the plaintiff have and recover of and from the said defendants, John S. Sanderson, Marcus Finch and P. T. Smith, the sum of $662.98, together with his costs in this behalf incurred to be taxed, and that execution issue against the joint property of all the defendants, and the individual property of John S. Sanderson, Marcus Finch and P. T. Smith."

In June, 1894, in pursuance of section 235 of the Code of Civil Procedure, a summons was issued to Amos Sawyer, requiring him to show cause why he should not be bound by the foregoing judgment.  Sawyer entered his special appearance, and moved the court to quash the summons upon the ground that the original action was not upon an obligation of the kind and character contemplated in the

foregoing section; and because there was no judgment in the case by which he could be bound, in that the original judgment was rendered against three individuals, and not against the partnership of which he was alleged to be a member.

This motion was overruled, and Sawyer, electing to stand by it, and refusing to further plead or answer, judgment was rendered against him by default. To this judgment Sawyer prosecutes this writ of error.

Messrs. BENEDICT & PHELPS, for plaintiff in error.

Mr. ENOS MILES, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The assignments of error are based upon the refusal of the court below to quash the summons to show cause, and present for our consideration two questions: *First*, whether a partnership indebtedness constitutes an obligation within the meaning of section 235 of our Code of Civil Procedure, which provides: "When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, *by proceeding as provided in this act*, those who were not originally served with the summons, and who did not appear to the action, may be summoned to show cause why they should not be bound by the judgment, in the same manner as though they had been originally served with the summons." *Second*, whether the original judgment is in conformity with and was recovered by a proceeding provided in the Code of Civil Procedure. Counsel for plaintiff in error rely upon the doctrine of the *Exchange Bank v. Ford*, 7 Colo. 314, in support of their claim that the word "obligation" as used in section 235 does not include a partnership indebtedness, but contemplates an indebtedness arising upon, and evidenced by, an agreement in writing. In that case the court had under consideration the meaning to be given to the word

"obligation" in section 1834 of the Gen. Stats. and section 14 of the code, as therein used to designate the contract itself; and in a very able and well reasoned opinion held that the word, when so used, referred to a written instrument; and in announcing its conclusion, laid down what we take to be the correct distinction, as follows:

"As the result of our investigation, we feel justified in stating the conclusion that whenever the word obligation is used in a statute as the name of a contract—as it is in the sections now under consideration,—an agreement in writing, sealed or unsealed, is referred to; where, in a legislative provision, it is used with reference to legal duty or liability, such duty or liability may arise from an oral or written contract, or, in some instances, from actionable tortious conduct. * * * The word is used in statutes, as well as in text-books and decisions, with these different meanings; and the significance to be given it in each statute must be gathered from the purpose and context of the enactment."

Is the word used, in the code provision under consideration, to describe the contract itself, or with reference to a legal liability arising from an oral or written agreement, or both? Tested by the foregoing rule, and remembering that "obligation" is a generic word, and when used in its broadest sense includes all kinds of contracts by which a person may become bound, and should be so construed, unless from the connection in which it is used it is to be gathered that the legislature intended to give it a more limited signification, and, reading this provision in connection with section 42, chapter 3, of the code, to which it refers, as providing the proceeding by which the judgment was recovered, it is evident that the word is used therein in its broader sense, and refers to any joint indebtedness arising from contract, express or implied, oral or written. The latter section is as follows:

"Where the action is against two or more defendants, and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: First, if the action be against defendants jointly indebted upon a contract, he may

proceed against the defendants served, unless the court otherwise directs; (and if he recover judgment, it may be entered against all the defendants thus jointly indebted so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served)," etc.

It is manifest that the joint indebtedness herein referred to includes a partnership indebtedness; and that the word "contract," as here used, upon which such indebtedness arises, is designated as an "obligation" in section 235; and that the two words are used in the same sense, and as expressing the same legal duty or liability. We think, therefore, that the indebtedness upon which the original judgment was recovered arose upon an "obligation," within the meaning of that section.

While the original judgment is not *pro forma* against the partnership of J. S. Sanderson & Company, yet we think it is in substantial conformity with the requirements of section 42 of the code, and not obnoxious to the objections urged upon the second assignment of error. It was within the discretion of the trial court, under the provisions of that section, to permit plaintiff to proceed against the defendants served; judgment, however, to be entered against all jointly indebted, so far only as to be enforced against the joint property of all, and the separate property of those served. In the original action all the parties were joined as defendants, including plaintiff in error; and while it is true that the money judgment was not entered formally against all, it was in terms made enforceable against the joint property of all, and the individual property of those served. It is evident from the fact that the judgment was made so enforceable against the joint property of all the defendants that the evidence introduced showed that the plaintiff in error was jointly liable with the defendants served; and if it can be said that the judgment as rendered does not strictly conform to all the requirements of section 42, the alleged defect is at most an informality that in no way prejudiced the rights of plaintiff in error. It is certainly not invalid for any of the reasons

given in the cases cited. Upon neither of the specifications do we think the objections to the rulings of the court below well founded. Its judgment is therefore affirmed.

*Affirmed.*