[No 4184.]

## ELLSBERRY V. BLOCK ET AL.

PRACTICE—PARTNERSHIP—JUDGMENTS—JOINT AND SEVERAL.

Where in an action upon a partnership debt only one of the two partners was served with summons and a judgment was entered against the individual partner served but no judgment was entered against the partnership and the other partner. was afterwards brought in by *scire facias* under the provisions of sections 235-240 of the code and a judgment was entered against said partner as for an individual debt, in the absence of a judgment against the firm it was error to render judgment against the defendants as for an individual debt.

*Error to the District Court of Arapahoe County.*

This action was commenced by defendants in error against plaintiff in error and Robert E. Ellsberry, as co-partners, upon certain promissory notes executed by them, under the firm name of Ellsberry Brothers. Summons was issued and served upon Robert E. Ellsberry alone, the sheriff returning that he had been unable to find Thomas Ellsberry in the county of Arapahoe. Judgment was taken against Robert E. Ellsberry only by default. Thereafter an affidavit was filed by one of the attorneys for plaintiffs, stating, in effect, that service of summons had not 'been made upon Thomas Ellsberry; that he did not appear in the action; that judgment was rendered against his co-partner, no part of which has been paid. Citation was issued, directed to the defendant, Thomas Ellsberry, requiring him to appear and show cause why he should not be bound by the judgment rendered in the same manner as though he had been originally served with summons in the cause. In response to this citation he answered, and pleaded, or attempted to plead, the statute of limitations as a defense to the causes of action sued upon. On motion of plain-

tiffs, judgment was rendered in their favor upon the pleadings against the defendant only as for an individual debt.    From this judgment he brings the case for review on error.

Mr. J. H. LEIPER and Mr. R. M. SNAVELEY for plaintiff in. error.

Messrs. BICKSLER, McLEAN & BENNETT for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The proceedings in this case are evidently intended to be based upon the provisions of the joint debtor act.    That act provides —Secs. 235-240, inclusive, of Code—that when a judgment is recovered against one or more of several persons jointly indebted upon an obligation by proceedings as provided in this act, those not served with summons and who did not appear in the action may be cited to show cause why they should not be bound by the judgment to the same extent as though they had been served with process.    Such citation shall describe the judgment and require the person to whom it is directed to show cause why he should not be bound by it.    If a verdict be found against him, it shall be for the amount remaining unsatisfied on the original judgment, with interest.    The act further provides that the defendant thus brought in cannot interpose the defense of the statute of limita-tions.    The expression in section 235, *supra,* "by proceeding as provided in this act," evidently refers to the code as a whole. Other material code provisions are to the effect that two or more persons transacting business under a common name may be sued by such name, and the summons served, on one or more of the associates, but the judgment in such case shall bind only the joint property of the associates and the separate property of those served—Sec. 14.    In an action against defendants jointly indebted, the plain-

tiff may have judgment against all such defendants, but such judgment can only be enforced against the joint property of all and the separate property of the defendants served—Sec. 43. The purpose of these provisions was to provide a method of procedure whereby a partnership might be sued upon its obligations, its members brought into court, judgment rendered which would bind the firm and individuals served, and that those not served with summons might be subsequently brought in and a judgment entered which would be personally binding upon them. These provisions do not alter any of the fundamental principles of the law as to the joint liability of partners, but are merely intended to change the common law in point of practice, for, according to the rules of the latter, in an action at law against several defendants jointly liable only, all must be served with process before judgment could be rendered. Neither have they changed the equitable rule, that in an action at law upon a partnership obligation, the members served with process have the right to insist that the assets of the firm shall be exhausted before resort can be had to their individual property for the satisfaction of firm indebtedness; hence, in the absence of a judgment against the firm which might have been taken in the first instance, it was certainly error to render one against the defendants as for an individual debt. *Craig v. Smith,* 10 Colo. 220; *Dessauer v. Koppin,* 3 Colo. App. 115.

Two other points are urged by counsel for defendant, namely: That the causes of action being upon co-partnership contracts, were merged in the judgment against Robert E. Ellsberry, and that the inhibition against pleading the defense of the statute of limitations is unconstitutional, or that the act of 1895 on that subject must prevail as over this provision.

It seems to us that these questions are unimportant, until we first decide whether or not this proceeding can be maintained under the joint debtor act, or what the effect of taking a judgment against Robert E. Ellsberry alone may be, notwithstanding

the provisions of this act and others of the code to which reference has been made. Neither of these propositions are argued or briefed by counsel. For this reason, we will not determine, and therefore decline to pass upon, the question of merger and the one. raised by counsel for defendant with respect to his right to plead the defense of the statute of limitations.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

*Reversed and Remanded.*