[No. 2413.]

BLYTHE ET AL. v. CORDINGLY ET AL.

1. **Partnership—Judgments—Summons.**

The only judgment that can be rendered on a partnership
debt, is one against the copartnership jointly, and the partners
summoned or appearing in the action whether summons is served
upon all or one or more of the defendants.

2. **Partnership—Bills and Notes—Judgments—Merger.**

A judgment on copartnership promissory notes merged the
notes into the judgment, although only one of the partners was
served with summons or appeared in the action, and suit could
not thereafter be maintained on the notes against the partners
not served.

3. **Same.**

The method provided by sections 235-240 of the code whereby
partners not served in an action against a partnership may be
made individually liable on the judgment rendered therein
against the partnership, is exclusive.

4. **Judgments—Assignment—Satisfaction.**

Where a judgment was assigned after satisfaction thereof
had been entered, the assignee cannot question the release and
satisfaction if it was good as against the assignor.

5. **Judgments—Satisfaction—Consideration—Bills and Notes.**

A promissory note executed by a judgment debtor to the
judgment creditor is a sufficient consideration for the release and
satisfaction of the judgment, and the satisfaction of the judg-
ment is a sufficient consideration for the note.

*Error to the District Court of Arapahoe County.*

Mr. E. T. WELLS and Mr. JNO. G. TAYLOR, for
plaintiffs in error.

Mr. STUART D. WALLING, for defendant in error, Alfred Cordingly.

MAXWELL, J.

The complaint named "Alfred Cordingly and Abraham Goodstein, late copartners under the firm name of Cordingly & Goodstein," as defendants.

It alleged eight causes of action. The first seven were based upon promissory notes alleged to have been made by the defendants "under their firm name of Cordingly & Goodstein."

The eighth cause of action alleged the execution by "the firm of Cordingly & Goodstein" of six promissory notes identical in terms with those alleged in the first six causes of action; that such promissory notes were endorsed by their respective payees to Fannie Goodstein and Millie Goodstein, who without consideration transferred and delivered the said six promissory notes to one John T. Deweese to hold as their trustee; that Deweese commenced an action in the district court of Jefferson county against the defendants under the firm name of Cordingly & Goodstein and caused summons to be served upon Abraham Goodstein, and although no process was ever served upon said Cordingly nor any appearance of said Cordingly made or entered in said action, said district court on or about November 5, 1894, rendered judgment in said action in favor of said Deweese and against said Alfred Cordingly and Abraham Goodstein, copartners as Cordingly & Goodstein, for the sum of $9,406.18, and costs; that January 29, 1895, said Deweese assigned said judgment to Millie and Fannie Goodstein, and on or about February 13, 1895, said Millie and Fannie Goodstein and said Deweese "although no sum of money or other consideration whatsoever was ever paid on said judgment" caused satisfaction thereof to be entered

in said district court; that November 1, 1898, said Millie and Fannie Goodstein for divers good and sufficient considerations assigned and set over to the plaintiffs the said judgment and the promissory notes of said Cordingly & Goodstein, whereon the said judgment was founded.

The prayer was, that said satisfaction of judgment be vacated, and that plaintiffs have judgment against the defendants for the amounts of the several promissory notes with interest, alleged in the first seven causes of action.

Abraham Goodstein did not appear in the court below, and so far as the record shows no summons was served upon him.

The separate answer of Alfred Cordingly denied the allegations of the complaint and set up several distinct affirmative defenses alleging therein fraud, want of consideration, accord and satisfaction and release.

Plaintiffs filed a replication.

From the admissions in the replication and the uncontradicted averments of the answer it appears that the notes in the first six causes of action were identically the same as the notes described in the eighth cause of action, upon which the judgment of the district court of Jefferson county was rendered in favor of Deweese, and that all of such notes were included in said judgment; that the defendant, Abraham Goodstein, was served with summons and entered his appearance and the appearance of said firm in said action; that judgment was entered therein on the 5th day of November, 1894, for the sum of $9,406.18; that on the 13th day of February, 1895, Deweese and Millie and Fannie Goodstein, signed, sealed, acknowledged and delivered to the defendants therein, their release of said judgment, and therein and thereby acknowledged full payment and satis-

faction of the same and fully and forever discharged and released the same; that on the date of the release, to wit, February 13, 1895, the same was filed with the clerk of the district court of Jefferson county and thereupon satisfaction of said judgment was duly entered upon the judgment docket of said court; that the amount of the promissory note alleged in the seventh cause of action included the promissory notes alleged in the first six causes of action with interest, and was the amount for which judgment had been rendered by the district court of Jefferson county.

The cause having been reached for trial, the defendant, Alfred Cordingly, moved the court for judgment on the pleadings, which motion was granted upon the grounds: (1) that the six promissory notes alleged in the first six causes of action were identical with the six notes described in the eighth cause of action and that such notes were merged in the judgment of the district court of Jefferson county and could not be made the basis of another judgment against the defendants therein; (2) that the said judgment had been satisfied and discharged by the deed of release of said judgment executed by Deweese and Millie and Fannie Goodstein, and the entry of satisfaction on the judgment docket of said district court, which release and satisfaction could not be impeached, avoided or set aside for the alleged want of consideration; (3) that the amount of the alleged promissory note set forth in the seventh cause of action is identically the same as alleged in the promissory notes described in the first six and the eighth causes of action, and was without any good or valid consideration.

Plaintiffs in error in their brief say:

"Two questions are therefore presented: First, Whether a judgment against one of two makers of a

promissory note, in an action against both, merges the cause of action?

"Second, Whether a release of a judgment and the entry of satisfaction on the record, is effectual when given and made without consideration?"

We think the record presents but one question: Whether a judgment on promissory notes executed by a copartnership, service being had on one partner only, merges the partnership notes in the judgment?

The second question above presented by plaintiffs in error is not in the case, as they are estopped to raise the same as will hereinafter appear.

It is the settled law of this state, that the only judgment which can be rendered against a copartnership on a firm debt or obligation, is one against the copartnership jointly, and the partners summoned or appearing whether the summons is served upon all or one or more of the defendants.—*Craig v. Smith,* 10 Colo. 220; *Sawyer v. Armstrong,* 23 Colo. 287; *Ellsberry v. Block,* 28 Colo. 477; *Dessauer v. Koppin,* 3 Colo. App. 115; *Peabody v. Oleson,* 15 Colo. App. 346.

In *Ellsberry v. Block, supra,* in discussing the force and effect of sections 14, 43, 235-240, Mills' Ann. Code, the court said:

"The purpose of these provisions was to provide a method of procedure whereby a partnership might be sued upon its obligations, its members brought into court, judgment rendered which would bind the firm and individuals served, and that those not served with summons might be subsequently brought in and a judgment entered which would be personally binding upon them. These provisions do not alter any of the fundamental principles of the law as to the joint liability of partners, but are merely intended to change the common law in point of practice, for, according to the rules of the latter,

in an action at law against several defendants jointly liable only all must be served with process before judgment could be rendered.''

Plaintiffs in error urge that *Exchange Bank v. Ford,* 7 Colo. 314, declares that a, partnership note is not a joint contract under our laws.

We do not believe that this case announces such doctrine.

It was there held that the judgment rendered against one of several signers of a promissory note, given for a firm debt, was a bar to a subsequent recovery against another partner upon the original indebtedness, which formed the consideration of the note, because the joint liability of all was merged in the judgment against one. In the course of the opinion doubt is expressed as to whether or not section 2528 Mills' Ann. Stats., was intended to have reference to strictly partnership contracts.

The above section is identically the same as the Illinois statute. The court said:

''It has, however, recently been held doubtful if this Illinois statute has any application to partnership contracts.''—Citing *Coates v. Preston,* 105 Ill. 473.

*Jansen v. Grimshaw,* 125 Ill. 468, was an action of assumpsit by plaintiff against the defendants to recover the amount of a, promissory note executed by the defendants under the firm name of F. W. Jansen & Son. One of the defendants pleaded a former recovery based upon a judgment against two members of the partnership. The court said:

''This action was brought against the three defendants as partners—as joint promisors; and where an action is brought upon a liability of that character the law is well settled that a judgment against one or two of the joint promisors will be a

bar to a future recovery against one or all of the remaining joint contractors.''—Citing authorities.

In *Sessions v. Johnson*, 95 U. S. 347, it is said:

''Even without satisfaction, a judgment against one of two joint contractors is a bar to an action against the other, within the maxim *transit in rem judicatam;* the cause of action being changed into matter of record, which has the effect to merge. the inferior remedy in the higher.

''Judgment in such a case is a bar to a subsequent action against the other joint contractor, because, the contract being merely joint, there can be but one recovery; and consequently the plaintiff, if he proceeds against one only of two joint promisors, loses his security against the other, the rule being that by the recovery of the judgment the contract is merged and a higher security substituted for the debt.

''But the rule is otherwise where the contract or obligation is joint and several, to the extent that the promisee or obligee may elect to sue the promisors or obligors jointly or severally; but even in that case the rule is subject to the limitation, that if the plaintiff obtains a joint judgment, he cannot afterwards sue them separately, for the reason that the contract or bond is merged in the judgment; nor can he maintain a joint action after he has recovered judgment against one of the parties in a separate action, as the prior judgment is a waiver of his right to pursue a joint remedy.''

In *North v. Mudge*, 13 Ia. 496, the suit was on a promissory note of a copartnership. The defense pleaded was former recovery. The court said:

''The general doctrine is, that if a demand of an inferior degree is changed into one of a higher character, the former is merged in the latter upon which the party must alone rely. Thus the merger of a

simple contract debt in a judgment or debt of record, is made a familiar example in the books.

"In *Sloo v. Lee,* 18 Ohio 279, it was held that a judgment against one of two partners, upon a joint promise, is a bar to a subsequent suit against both of the partners.

"In *Robertson v. Smith et al.,* 18 Johnson 428, a firm consisting of four persons, made two notes in their partnership name. A judgment was recovered on the notes against the two ostensible partners. The judgment not being paid, a second suit was brought on the notes against the four partners, one of whom only being served with process, and who was not in the first, pleaded in bar the recovery against the two and it was sustained.

"In *Smith v. Black,* 9 Serg. & Rawle 142, a judgment recovered against one partner is a bar to a subsequent suit against both, though the new defendant was a dormant partner at the time of the contract, and was not discovered until after the judgment."

In *U. S. v. Price,* 9th Howard 44, the court said:

"The law on this subject is too well settled to admit of a doubt or require the citation of authorities, that, if two or more are bound jointly and severally, the obligee may elect to sue them jointly or severally. But having once made his election and obtained a joint judgment, his bond is merged in the judgment. It is essential to the idea of election that a party cannot have both. One judgment against all or each of the obligors is a satisfaction and extinguishment of the bond. It no longer exists as a security, being superseded, merged, and extinguished in the judgment."

The conclusion, that under our code a judgment rendered against a copartnership upon a firm debt or obligation, where service is had upon less than all of the partners, is a merger of the debt or obligation

in the judgment, and a bar to a subsequent action against the partners not served, is confirmed by the fact, that a method is provided by which the partners not served may be made individually liable for the judgment (sections 235-240 of the code), and it would also seem that the method thereby provided is exclusive.—*Ellsberry v. Block, supra.* That such seems to have been the conclusion arrived at in other states, under statutory provisions similar to our code provisions is shown by the following cases:—*Keith Bros. v. Stiles,* 92 Wis. 15; *Erwin v. Scotten,* 40 Ind. 389; *Dairy Co. v. Plummer,* 20 Ind. App. 408; *Yoho v. McGovern,* 42 Ohio St. 14.

We therefore conclude that the first six causes of action alleged in the complaint were merged in the judgment alleged in the eighth cause of action, and that such judgment was a bar to the maintenance of this suit, upon the first six causes of action alleged.

The second point relied upon by plaintiffs in error for a reversal of the judgment is, that the court erred in holding that the release and satisfaction of the judgment set up in the answer could not be impeached, avoided or set aside for alleged want of consideration.

Section 233, Mills' Ann. Code, provides for the satisfaction of a judgment in the manner and by the method pursued herein.

In the view which we take of this case, we believe that plaintiffs in this suit are not in a position to question the force and effect of the satisfaction and release of the judgment in question, for the reasons:

First. They were the assignees of the judgment according to the allegations of the complaint and the admissions of the replication, almost four years after the execution of the release and the satisfaction of the judgment entered thereon; they took the judg-

ment for what it was worth, with the satisfaction of record. As between the parties to the judgment the release and satisfaction was effective. Plaintiffs' assignors could not question it, and they assigned to plaintiffs no right in this behalf which they did not have.

Second. The replication alleges, "That said supposed deed of release was executed and delivered by the said John T. Deweese, Millie Goodstein and Fannie Goodstein solely in consideration of the execution by the said Abraham Goodstein in the name of the said Cordingly & Goodstein, of a certain promissory note bearing date of the 11th day of February, 1895, payable one day after the date thereof, for the sum of $9,406.18," so that it appears by the allegations of the replication, that such release and satisfaction were based upon a legal and sufficient consideration.

We cannot agree with defendant in error in his contention that the promissory note set forth in the seventh cause of action was without sufficient consideration, nor do the authorities cited by defendant in error support this conclusion.

The record shows that the promissory note alleged as the seventh cause of action was dated February 11, 1895. On that date the judgment of the district court of Jefferson county was a valid subsisting judgment and obligation against the firm of Cordingly & Goodstein, the release and satisfaction of which was a sufficient consideration for the note set up in the seventh cause of action. The release and satisfaction of the judgment was not made, executed, delivered or filed with the clerk of the district court of Jefferson county until February 13, 1895, on which date satisfaction of the judgment was entered of record.

The authorities cited by defendant in error are

in support of the doctrine that a pre-existing obligation or debt, which had been satisfied, would not support a subsequent promise to pay. In other words, that a debt, which had been voluntarily released by the creditor, was not a sufficient legal consideration for a subsequent promise to pay such debt.

These cases are not in point, for the reason that, at the time the note alleged in the seventh cause of action was given, the judgment had not been released and satisfied.

Our conclusion is, that the judgment as to the first, second, third, fourth, fifth, sixth and eighth causes of action was right and should be affirmed; that the court erred in granting the motion for judgment on the pleadings as to the seventh cause of action, for which reason the judgment, as to the seventh cause of action only, will be reversed and the cause remanded with directions to the court below to grant a new trial upon the issues presented by the pleadings on this cause of action. The respective parties to pay their own costs in this court.

*Reversed.*