977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RESOLUTION TRUST CORPORATION, as Receiver for First Federal
Savings Bank of East Alton, in Receivership,
Plaintiff-Appellant,
v.
TEEM PARTNERSHIP, a Colorado general partnership; John A.
Winters, Individually and as general partner of the Teem
Partnership; Michael P. Bahr, Individually and as general
partner of the Teem Partnership; Stevan G. Strain,
Individually and as general partner of the Teem Partnership;
Neal M. Price, Individually and as general partner of the
Teem Partnership, Defendants-Appellees.
 No. 91-1322.
 United States Court of Appeals, Tenth Circuit.
 Sept. 30, 1992.
 
 Before LOGAN, EBEL and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 This case requires us to decide whether the district court erred in holding that Rule 106(a)(5) of the Colorado Rules of Civil Procedure may be used by judgment creditors to collect from additional persons only when the creditors discover after the judgment has entered that such additional persons may be liable as joint obligors on the judgment. In holding that Rule 106 was so limited, the district court was without the benefit of the recent decision of the Colorado Court of Appeals in FDIC v. Wells Plaza Ltd. Partnership, 826 P.2d 427 (Colo.App.1992), which was decided after judgment entered and after appeal was docketed in this court. In view of the Wells Plaza decision, we reverse and remand.[1]
 
 
 2
 Colorado Rule of Civil Procedure 106(a)(5) provides:
 
 
 3
 When judgment is recovered against one or more of several persons jointly indebted upon an obligation, and it is desired to proceed against the persons not originally served with the summons who did not appear in the action[, s]uch persons may be cited to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.
 
 
 4
 Here the Resolution Trust Corporation (RTC) brought an action against Teem Partnership and all general partners known to RTC at the time the complaint was filed. After RTC's motion for summary judgment had been briefed, RTC learned of the existence of another general partner, Mr. Clark, who had not been named in the original suit. Instead of moving to join Mr. Clark, RTC elected to wait until the district court granted its motion for summary judgment and then proceed against Mr. Clark pursuant to Rule 106. When RTC attempted this course, the district court held that because RTC had ample time to amend its complaint to name an additional defendant before the entry of judgment, any "belated" reliance on "the exceptional provisions" of Rule 106 would deny Mr. Clark a "meaningful, fair and full participation in [the] proceedings." Resolution Trust Corp. v. Teem Partnership, No. 88-B-1560, Memorandum Opinion and Order at 7 (D.Colo. Aug. 9, 1991). The court thus denied RTC's motion for summary judgment on the previously entered Rule 106 show cause order. This result is inconsistent with the holding of the Colorado Court of Appeals in Wells Plaza.
 
 
 5
 In Wells Plaza, FSLIC, as the receiver for a failed thrift, sued a partnership to recover on a promissory note. It served the general partner, as the agent of the partnership, but did not serve the partners as individuals or name them as defendants. FSLIC won a judgment against the partnership but, because the assets of the partnership had been paid out to other creditors, FSLIC was unable to collect. FDIC, as successor to FSLIC, filed a post trial motion against the general partners and requested a Rule 106 show cause order regarding their individual liability. The trial court's refusal to issue the order was reversed by the court of appeals.
 
 
 6
 In rebutting Wells Plaza's contention that a plaintiff must name and serve the partner in the original action against the partnership before a court can issue a show cause order to that partner pursuant to Rule 106, the court held: "the plain language of C.R.C.P. 106(a)(5) does not require that the partner be named. To the contrary, it specifically allows a court to issue an order to 'persons not originally served ... who did not appear in the action.' " Wells Plaza, 826 P.2d at 429. The fact that FSLIC knew of the existence of the Wells Plaza partners, but chose not to involve them in the suit until after judgment, did not change the court's analysis. Similarly, RTC's failure to join Mr. Clark in the lawsuit when it learned of his partner status is not fatal to its right to invoke the provisions of Rule 106.
 
 
 7
 The district court was concerned that Mr. Clark would be deprived of his day in court. Rule 106, however, provides that when a person has been served with a show cause order entered under the rule, "in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to the judgment, except a discharge from the original liability by the statute of limitations." Colo.R.Civ.P. 106(a)(5). The Colorado Court of Appeals noted in Wells Plaza that by permitting an answer to the show cause order, " 'the issues are made up in much the same way as they would be if the proceedings had been started with a summons and complaint.' " Wells Plaza, 826 P.2d at 429 (quoting R. Hardaway & S. Hyatt, 5 Colorado Civil Rules Annotated 512-13 (2d ed. 1985)). The opportunity to so respond to the show cause order, therefore, obviates the fairness concerns of the district court.
 
 
 8
 The judgment of the United States District Court for the District of Colorado is therefore REVERSED, and this case is REMANDED for further proceedings consistent with this order.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At the time of briefing to this court, both parties agreed that the issue in this case was appropriate for certification to the Colorado Supreme Court. "[A] state supreme court ... is the final arbiter of the meaning of the rules that it establishes." See Mattox v. Disciplinary Panel, 758 F.2d 1362, 1365 (10th Cir.1985). Here, although the decision in Wells Plaza is not from Colorado's highest court, we regard it as sufficiently settling this aspect of the operation of Rule 106 that certification is no longer appropriate. See Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974). Appellant's Motion for Certification is denied