Mr. Justice Holland
 

 delivered the opinion of the Court.
 

 This writ of error is directed to a judgment of dismissal of plaintiff’s petition based upon the provisions of Rule 106 (a) (5) R.C.P. Colo., which is as follows:
 

 “When judgment is recovered against one or more of several persons jointly indebted upon an obligation, and it is desired to proceed against the persons not originally served with the summons who did not appear in the action. Such persons may be cited’to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.” . '
 

 The history of plaintiff’s pursuit of the claim involved reveals that plaintiff obtained a judgment
 
 *3
 
 against this defendant in error, which was affirmed by this court on February 1, 1954,
 
 Grandbush, doing business as Interstate Livestock Co. v. Womack,
 
 129 Colo. 26, 266 P. (2d) 771. Plaintiff now seeks to have Alice J. Grandbush, wife of defendant in error, cited to show cause why she should not be made a party to the judgment against her husband, since it developed after the hearing that she was a full partner with her husband apparently at the time the obligation sued upon was contracted and there is evidence to cause a belief that she was a partner at the time defendant in error filed an affidavit of individual business with the county clerk and recorder of Pueblo county on October 2, 1946, wherein he made oath that he was the sole owner of the “Interstate Livestock Company.”
 

 Plaintiff petitioned the trial court on October 20, 1953, calling attention to the testimony of defendant in error and his wife and prayed for an order to show cause why the wife should not be made jointly and severally liable for the judgment. July 22, 1955, on defendant’s motion, the trial court dismissed plaintiff’s petition and stated that “A judgment may not be altered or amended later than ten days after its entry, except as to provisions for a substitution in the event of the death of a party. The judgment against one partner is in effect against another partner not made a party to the action, nor against the partnership where the partnership was not sued, except that the partnership interest of the partner"sued is subject to the judgment lien to the extent ofrsuch interest and such partner’s interest therein may be sold on execution.”
 

 The testimony is convincing that the wife was a full partner at all times here involved, and that the provisions of the rule of civil procedure above quoted is clearly applicable.
 

 The contract involving some sheep which formed the basis of this action was signed on September 13, 1949, and the partnership then existed. Why the husband and
 
 *4
 
 wife did not file a proper affidavit of copartnership, and why defendant in error did not disclose the real truth in the business affidavit which he filed, remains unanswered. The true answer seems to appear in the clouds surrounding the entire transaction.
 

 There is some justification for the trial court in refusing to have the name of the wife added as a party defendant, because application for such additional party was not made at the time of the trial when the facts appeared; however, under all the facts in the case, and in fairness and justice to all parties concerned, no injury could obtain by requiring the wife to show cause why she is not liable to answer under this judgment. Had she and her husband properly demeaned themselves concerning the matter of revealing to the public by proper affidavit the status of their business interests, she would no doubt have been made a party defendant in the original action. The judgment creditor had a right to rely upon the record at the time of filing his action. To now deny plaintiff the right to discover the true interest entering into the judgment would be to reward people in such enterprises for misrepresentation and nondisclosure to the injury and detriment upon a relying public.
 

 It was error for the trial court to dismiss the petition and it should have directed the issuance of a citation to show cause whereby any obscure facts might be uncovered.
 

 In accordance with the views herein expressed the judgment of the trial court is reversed and the cause remanded with directions to reinstate the petition and grant the relief therein prayed for.
 

 Mr. Chief Justice Alter not participating.
 

 Mr. Justice Moore dissents.