(573 P.2d 1092)
No. 48,967

JACKSON COUNTY STATE BANK, *Appellee,* v. KENNETH A. WILLIAMS, *Appellant.*

Opinion filed November 4, 1977.

*John Steven Schweiker,* of Overland Park, for the appellant.

*Richard L. Reid,* of Kansas City, for the appellee.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

PARKS, J.: This appeal is presented to this court on an agreed statement pursuant to Supreme Court Rule No. 3.05.

On March 26, 1974, the defendant Williams purchased a 1974 Chevrolet pickup truck from the Dennis Chevrolet Co., Inc., which subsequently sold the note and security agreement to the Jackson County State Bank. The truck was a "lemon," requiring multiple repairs during the first month of ownership. Consequently, Mr. Williams withheld payment on the note, but failed to notify the bank of his problems with the truck. The defendant was served a "right to cure" notice by the bank. The bank then peaceably repossessed the truck in June, 1974, and after giving notice to Williams, sold the truck the week of July 5, 1974, for approximately $400 over the black book listing. The plaintiff bank filed an action to recover a deficiency of $938.94 on September 20, 1976. The trial court entered judgment for the plaintiff bank on February 14, 1977. Williams appeals.

The first issue presented is whether the one-year statute of limitations found in K.S.A. 1976 Supp. 16a-3-404(4) applies to this case and bars recovery by the bank.

K.S.A. 1976 Supp. 16a-3-404(4) reads:

"(4) Any action by an assignee or the original seller or lessor who has repurchased an obligation under subsection (5) to enforce an obligation, or any action by a buyer or lessee to rescind, or any request to repurchase the obligation, shall be brought within one year from the date of receipt of the notice of the claim or defense, or default in payment, whichever is later."

A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to an obvious purpose the court should follow the intent as expressed by the words used. (*State v. V.F.W. Post No. 3722,* 215 Kan. 693, 695, 527 P.2d 1020; *Underwood v. Allmon,* 215 Kan. 201, 204, 523 P.2d 384; and *City of Overland Park v. Nikias,* 209 Kan. 643, 498 P.2d 56.)

Both parties agree that no notice of claim or defense was given to the bank. Had this been the case, the bank could have required Dennis Chevrolet to repurchase the obligation pursuant to K.S.A. 1976 Supp. 16a-3-404(5), thus eliminating the bank as a party in interest.

A careful reading of this statute discloses that the one-year statute of limitations begins to run after receipt of the notice of the claim or defense, or default in payment, whichever is later. One of the purposes of section 16a-3-404(4) is to set forth a one-year statute of limitations. It is apparent that this statute applies to an assignee as well as the original seller who has repurchased an obligation under subsection (5). It is also the clear design of the phrase "whichever is later" to require the occurrence of both the notice of the claim or defense and of the default before the statute of limitations begins to run.

Here, the only event that has occurred is the default. By the plain meaning of the phrase "whichever is later," the pending event of a written notice of a defense would be the later event. Thus, it is clear that the one-year statute of limitations has not been brought into play.

Under the facts and circumstances of this case, we must conclude that both conditions of section 16a-3-404(4) have not been met. Accordingly, the provisions of K.S.A. 60-511(1) which au-

thorize an action upon any agreement, contract or promise in writing to be brought within five (5) years are controlling.

The second issue raised by the agreed statement is whether the bank has met its burden of proving the sale was commercially reasonable. The agreed statement contains the following recitation:

*"Although the defendant agreed that the bank had got a fair price for the vehicle on its sale after repossession,* the defendant contends that because the plaintiff did not offer evidence as to where the sale took place and to whom the sale was made, the plaintiff has not met its burden of proving that the sale was commercially reasonable pursuant to K.S.A. 1976 Supp. 84-9-504(3). . . ." (Emphasis supplied.)

In essence the parties have stipulated that the resale price was fair and reasonable. Thus, the burden of proving commercial reasonableness has been met by the secured party. [*Conti Causeway Ford v. Jarossy,* 114 N.J. Super. 382, 384, 276 A.2d 402 (1971), aff'd 118 N.J. Super. 521, 288 A.2d 872 (1972).]

Judgment affirmed.