(929 P.2d 183)
No. 75,087

HOELTING ENTERPRISES, a General Partnership, *Appellant/Cross-Appellee*, v. FREDERICK C. NELSON, PATRICK T. HAYES, and NELSON-HAYES FINANCIAL GROUP, INC., *Appellees/Cross-Appellants*.

Opinion filed December 20, 1996.

*Thomas W. Harris*, of Shawnee, for appellant/cross-appellee.

*Robert M. Pitkin* and *John L. Snyder*, of Levy and Craig, P.C., of Overland Park, for appellees/cross-appellants.

Before ELLIOTT, P.J., LEWIS, J., and WAHL, S.J.

WAHL, J.: Hoelting Enterprises appeals the district court's grant of summary judgment in favor of Frederick C. Nelson, Patrick T. Hayes, and Nelson-Hayes Financial Group, Inc., a Missouri corporation. The district court held the statute of limitations barred Hoelting's claim. The defendants cross-appeal, claiming summary judgment was proper on additional bases. This is the third appeal stemming from a mortgage foreclosure action on an apartment complex.

The defendants were general partners of Trailridge Investors, L.P., from October 1984 until January 1992. The defendants admit they were general partners of Trailridge when the partnership executed the promissory note at issue in favor of Hoelting for $4,525,000.

In the first appeal of this case, the parties did not dispute that Trailridge executed both a mortgage and a security agreement in favor of Hoelting which was secured by the real property of an apartment complex and by certain personal property located thereon. *Hoelting Enterprises v. Trailridge Investors, L.P.*, 17 Kan. App. 2d 777, 778, 844 P.2d 745, *rev. denied* 252 Kan. 1092 (1993) (*Hoelting I*). The mortgage provided that if Trailridge defaulted, Hoelting could have a receiver appointed to collect the rents and apply the rents to the outstanding debt pending the conclusion of the foreclosure. A separate agreement provided for Hoelting to take possession of the property and collect the rents upon default. 17 Kan. App. 2d at 779.

Trailridge defaulted on the mortgage in December 1988, and Hoelting filed an action against Trailridge seeking foreclosure and either immediate possession or the appointment of a receiver to collect the rents during the pendency of the foreclosure action. Trailridge filed for bankruptcy under Chapter 11 in March 1989 which stayed Hoelting's action. The bankruptcy court dismissed Trailridge's action on September 17, 1991, and Trailridge took possession of $588,842.58 in accumulated rents from its debtor-in-possession account. 17 Kan. App. 2d at 780.

On October 11, 1991, Hoelting filed an amended petition to reactivate its action against Trailridge in the wake of the bankruptcy dismissal. The trial court ordered a mortgage foreclosure sale, and Hoelting purchased both the mortgaged real property and the secured personal property, leaving a deficiency of $1,771,242.87 on the debt. The trial court held, however, that Hoelting was neither entitled to possession of the property prior to the sale nor entitled to the rents and profits that had accumulated between the default and the forced sale. The *Hoelting I* court reversed and held Hoelting's rights to rents and profits vested when Hoelting filed its original petition for both foreclosure and either possession or re-

ceivership, and the court remanded for a determination of the amount of rents and profits due and owing to Hoelting. 17 Kan. App. 2d at 786.

In the second appeal of this case, the trial court had determined the rents and profits that accumulated between default and forced sale totaled $1,151,053.40. *Hoelting Enterprises v. Trailridge Investors, L.P.*, No. 70,726, unpublished opinion filed November 23, 1994 (*Hoelting II*). The *Hoelting II* court affirmed the trial court's entry of judgment for that amount with interest at a contract rate of 12 percent per annum from April 2, 1992, until paid.

The *Hoelting II* court rejected Trailridge's argument that the trial court's order was a deficiency judgment that was prohibited under the nonrecourse provision of the mortgage agreement. The court explained the order was not the result of a deficiency of the collateral and enforced Trailridge's pledge of the rents and profits accruing between default and foreclosure as security for the loan. The court explained:

"Trailridge acknowledges in its brief that well in advance of the decision of this court in the earlier appeal, it used the funds derived from the rents and profits to pay its other creditors and then dissolved the partnership and distributed the balance to its numerous limited partners. That distribution was made while the appeal was pending. Under the circumstances, the trial court was eminently correct in entering a personal judgment for the balance of the security. Any lesser judgment would be ineffective."

The agreements between Hoelting and Trailridge included a nonrecourse provision limiting Hoelting's recovery upon default to the security pledged in the agreement.

The court also rejected Trailridge's argument that Hoelting's claim was barred by laches, estoppel, and Kansas public policy for its failure to secure its interest in the rents and profits. The court, quoting *Hoelting I*, 17 Kan. App. 2d at 785, explained: " 'Hoelting did everything it could to reduce the rents to its or a receiver's possession by appropriate legal action.' "

On November 5, 1993, Hoelting filed this action against Nelson, Hayes, and Nelson-Hayes Financial Group, Inc., the general partners of Trailridge, to recover the $1,151,053.40 in security from the rents and profits. The defendants moved for summary judg-

ment, claiming Hoelting's claim against the defendants was barred by (1) the statute of limitations; (2) claim preclusion; (3) the non-recourse provision in the mortgage agreement; and (4) laches, waiver, estoppel, impairment of collateral, and negligent adminis-tration of a loan. The district court granted summary judgment for the defendants by finding Hoelting's cause of action against them arose when Trailridge defaulted in December 1988 and Hoelting's claim was barred by the 3-year limitation period in K.S.A. 60-512(2) which pertains to " 'an action based upon a liability created by a statute.' " In so holding, the district court rejected Hoelting's arguments that the 5-year statute of limitations in K.S.A. 60-511(1) regarding written contracts governed this action. Hoelting appeals.

Hoelting argues the district court erred in applying the 3-year limitation period in K.S.A. 60-512(2) to this action. Hoelting con-tends the 5-year limitation period in K.S.A. 60-511(1) regarding written contracts governs this action. We agree. Given that the default occurred in December 1988 and Hoelting filed the instant action in November 1993, the action was timely filed and the dis-trict court erred in holding otherwise. Determining which statute of limitations applies here is an issue of statutory interpretation, and this court's review is unlimited. See *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Generally, the 5-year statute of limitations in K.S.A. 60-511(1) regarding written contracts governs an action to enforce the terms of a promissory note. See *Jackson County State Bank v. Williams*, 1 Kan. App. 2d 649, 650-51, 573 P.2d 1092 (1977).

In *Clark Jewelers v. Satterthwaite*, 8 Kan. App. 2d 569, Syl. ¶ 2, 662 P.2d 1301 (1983), the court stated: "As a general rule the nature of the cause of action determines the applicable statute of limitations. In addition, statutes of limitations are to be applied to all proceedings emanating from a cause of action in the same man-ner as they apply to the basic cause of action." The court held that although the plaintiff's remedies under the Uniform Commercial Code resembled those for the tort of conversion, the essential na-ture of the action was the enforcement of a written contract se-curing collateral so the 5-year period in K.S.A. 60-511(1) governed

the case. *Clark Jewelers v. Satterthwaite*, 8 Kan. App. 2d 569, Syl. ¶ 7.

In *Barnes v. McLendon*, 128 Wash. 2d 563, 572-73, 910 P.2d 469 (1996), the court held the statute of limitations for written contracts applied to an action to enforce a partnership contract against the partners personally. The court explained that although the liability of the partners on the contract was imposed by law due to their agency relationship with the partnership, the partners' liability nonetheless " 'grew out of the written contract' " so the statute of limitations for written contracts governed the case. 128 Wash. 2d at 571-72 (quoting *Warren v. Rickles*, 129 Wash. 443, 445, 225 Pac. 422 [1924], *aff'd* 134 Wash. 701, 235 Pac. 673 [1925]).

The nature of Hoelting's action is for the enforcement of secured property agreements, which are written contracts. The contractual nature of the action is not altered by the fact Hoelting seeks to enforce the partnership contract against the partners personally. The district court erred in applying the 3-year limitation period in K.S.A. 60-512(2) rather than the 5-year limitation period in K.S.A. 60-511(1) for actions on a written contract. The earliest Hoelting's claim against the defendants could have accrued was in December 1988, when Trailridge defaulted. See *Lips v. Egan*, 178 Kan. 378, Syl. ¶ 1, 285 P.2d 767 (1955). Hoelting filed this action in November 1993, within 5 years of the accrual of the claim. The claim was not barred by any statute of limitations.

The defendants argue on cross-appeal this action is barred by Hoelting's failure in the initial action against Trailridge to name Nelson and Hayes as defendants and to secure a judgment against Nelson-Hayes Financial Group, Inc., after naming it as a defendant. The defendants base this argument in terms of both res judicata and claim preclusion.

Res judicata and claim preclusion both prevent a party or its privies from relitigating issues which have been decided adversely to that party. See *Penachio v. Walker*, 207 Kan. 54, Syl. ¶ 2, 483 P.2d 1119 (1971). The defendants rely on *In re Estate of Reed*, 236 Kan. 514, 519, 693 P.2d 1156 (1985), wherein the court stated the rule that res judicata prevents a party from relitigating issues the

party litigated or had the opportunity to litigate in a former action. Defendants argue that because Hoelting could have named Nelson and Hayes as codefendants in its earlier action against Trailridge, this rule bars the instant action. Further, defendants argue that because Nelson-Hayes was named in the initial action but judgment was entered only against the partnership, Hoelting is barred from moving against Nelson-Hayes.

The defendants' reliance on *Penachio* is misplaced. Their argument fails to account for the fact Hoelting prevailed against Trailridge in the earlier action. Had Hoelting either litigated or had the opportunity to litigate an issue and lost in the previous action, the defendants might have a res judicata or claim preclusion defense to this action.

In *Dayco Corporation v. Fred T. Roberts & Co.*, 192 Conn. 497, 504, 472 A.2d 780 (1984), the court explained:

"[I]n an action against a partnership, in which only the partnership is named as a defendant and the result is a judgment against the partnership, a plaintiff cannot attach the individual property of the partners or levy upon their individual property. This does not prevent a plaintiff, when it finds the partnership without assets and its judgment debt unsatisfied, from instituting suit against the individual partners to hold them liable for that debt. To hold otherwise would insulate partners from their joint liability for a partnership debt."

Under Kansas law, general partners of a limited partnership are jointly and severally liable to third parties for a partnership debt. K.S.A. 56-1a253(b); K.S.A. 56-315(a). Thus, applying the rationale in *Dayco* gives effect to Kansas partnership statutes. Hoelting did not forfeit its claim against Nelson and Hayes by failing to name them as defendants in its original action.

Defendants allege in their brief, and Hoelting admits by reply, Nelson-Hayes was named in the initial action, but judgment was ultimately entered only against the partnership. Hoelting responds that Nelson-Hayes was never dismissed from that action. In any event, Hoelting prevailed in the earlier action against the partnership, so the general partners who are personally liable for the partnership debts have no basis for a res judicata argument here.

On cross-appeal, defendants argue the nonrecourse provision of the mortgage agreement precludes their personal liability in this

action. In *Hoelting II*, the court rejected Trailridge's argument that the trial court's order was a deficiency judgment which was prohibited under the nonrecourse provision of the mortgage agreement. The court explained that the order was not the result of a deficiency of the collateral securing the loan. The order merely enforced Trailridge's pledge of rents and profits that accrued between default and foreclosure as security for the loan.

The nonrecourse provision limited Hoelting's recovery upon default to the security pledged in the agreement. As the *Hoelting II* court explained, the $1,151,053.40 judgment debt that Hoelting is seeking to collect from the defendants here does not fall within the nonrecourse clause. The nonrecourse clause only protected the defendants from any liability beyond the security. Hoelting is seeking to recover the rents and profits that accrued between default and foreclosure, which rents and profits were pledged as security. The defendants' argument is without merit.

Defendants further argue on cross-appeal Hoelting's claim is barred by laches, waiver, estoppel, impairment of collateral, and negligent administration of a loan. Specifically, defendants argue Hoelting failed to timely take control of the rents and profits of the apartment complex away from the partnership.

The *Hoelting II* court rejected the argument Hoelting's claim was barred by laches, estoppel, and Kansas public policy for its failure to secure its interest in the rents and profits. The court explained its rejection by quoting *Hoelting I*, 17 Kan. App. 2d at 785: " 'Hoelting did everything it could to reduce the rents to its or to a receiver's possession by appropriate legal action.' "

From the beginning of the litigation between Hoelting and the partnership, Hoelting claimed the right to take possession of the property and to collect the rents and profits as security on the loan. The partnership's initial challenge to those claims was successful in the district court, which resulted in the partnership's maintaining possession of the property and collecting the rents and profits. Hoelting, however, appealed and prevailed. In the meantime, the partnership disposed of the monies that were the subject of the litigation. The defendants here do not allege the partnership did not receive proper notice of the initial appeal. The defendants, the

general partners who are ultimately liable for the partnership debt, now appear to claim Hoelting did not do more to protect the partnership from its own decision to dispose of property which was the subject of ongoing litigation. In fact, Hoelting did all it could to protect the partnership from its own folly. The defendants' argument is without merit.

The judgment of the trial court is reversed, and this case is remanded for further proceedings regarding Hoelting's collection of the $1,151,053.40 debt.