Thomas R. **GUTRICH** and Peggy A. Gutrich, Plaintiffs–Appellants,

v.

Gary P. **LaPLANTE** and Gary P. LaPlante, P.C., Respondents–Appellees.

No. 95CA0742.

Colorado Court of Appeals, Div. IV.

Dec. 12, 1996.

Rehearing Denied Jan. 30, 1997.

Certiorari Granted Sept. 15, 1997.

Gary S. Cohen, Denver, for Plaintiffs–Appellants.

Long & Jaudon, P.C. Dennis W. Brown, Ellen Rubright Ivy, Denver, for Respondents–Appellees.

Opinion by Judge NEY.

In this legal malpractice action, plaintiffs, Thomas R. and Peggy Gutrich, appeal the judgment entered in favor of respondents, Gary P. LaPlante, individually (individual respondent) and Gary P. LaPlante, P.C. (corporate respondent). We affirm.

Following a jury trial in August 1994, plaintiffs obtained a judgment on their claim of negligence against the law firm of Cogswell and Wehrle, a general partnership (partnership). The trial court entered judgment in favor of plaintiffs in the amount of $321,-116.19 in compensatory damages, $50,000 in punitive damages, and $6 for damages to reputation. In November 1994, plaintiffs were awarded pre-judgment interest in the amount of $42,366.19.

The corporate respondent, of which the individual respondent was an employee, officer, and shareholder, was a partner in the partnership. Neither the individual nor the corporate respondent was named as a party defendant in this action against the partnership prior to the entry of judgment.

Plaintiffs' action against the partnership was based upon the failure of one of the partnership associates (associate) to attach to a deed standard exceptions to title insurance coverage excepting from coverage any unrecorded mechanics' liens. Plaintiffs also asserted that the associate negligently failed to include in the covenant not to sue (which was drafted in conjunction with the deed) a provision for attorney fees in the event of breach and that members of the partnership gave plaintiffs erroneous advice regarding disclosure of inchoate mechanics' liens and failed to determine correctly the validity of plaintiffs' personal guaranty to a bank.

Plaintiffs asserted that, as a consequence of those failures, they were required to defend in October 1988 (as third-party defendants) against a claim of fraud made by the bank in a mechanics' lien action. Following a bench trial in October 1988, judgment was entered in favor of plaintiffs on the fraud claim.

In February 1992, plaintiffs filed an action against the partnership, the associate, and twenty unnamed past and present partners, alleging claims of negligence, breach of contract, negligent misrepresentation, breach of fiduciary duty, and willful and wanton conduct. The complaint did not name any partners individually. Plaintiffs sought to establish liability against the partnership based in part upon a theory of *respondeat superior* for the acts of the associate (who was named in the action).

In May 1993, plaintiffs filed a motion to amend their complaint by substituting named individual partners (not including respondents) for unnamed partners as defendants. In their motion, plaintiffs did not assert that their reason for not naming the individual partners as defendants in their original complaint was because the partners' identities were unknown to them. The trial court granted this motion in July 1993 and the individual partners were served with the amended complaint.

In September 1993, the newly-named individual partner defendants filed a combined

motion for summary judgment in which they asserted that, even if the applicable limitations period was the six-year period set forth in the version of § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A) in effect before July 1, 1986, plaintiffs' negligence claim against the individual partners was barred by the statute of limitations. Although initially denied, the motion was ultimately granted in March 1994. That summary dismissal was based upon the trial court's conclusion that plaintiffs had failed to satisfy the second prong of C.R.C.P. 15(c) requiring that the party or parties to be brought in by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought" against such party or parties.

Plaintiffs' claims of negligence, breach of contract, and breach of fiduciary duty against the partnership and the associate were tried to a jury in August 1994. Following trial, the jury determined that both the partnership and plaintiffs had been negligent and apportioned 45% of the total negligence to plaintiffs and 55% to the partnership (other than through the conduct of the associate). The jury further found that the associate had not been negligent and that, although the associate and the partnership had breached their fiduciary duty to plaintiffs, that breach did not cause damages to plaintiffs.

In September 1994, plaintiffs filed a C.R.C.P. 106(a)(5) motion for order to show cause why the individual partners (not including respondents), who had previously been dismissed on statute of limitations grounds, should not be bound by the judgment.

The trial court denied plaintiffs' motion based upon its determination that C.R.C.P. 106(a)(5) was not applicable because the individual partners had been named in and dismissed from the action and because plaintiffs knew of their existence prior to trial or judgment. This court affirmed the trial court's denial of plaintiffs' motion. *Gutrich v. Cogswell*, (Colo.App. No. 94CA1589, November 21, 1996)(not selected for official publication).

Plaintiffs did not attempt to join the individual and corporate respondents as parties in the malpractice action prior to the entry of judgment in plaintiffs' favor and did not attempt to join them with the individual partners through its unsuccessful C.R.C.P. 106(a)(5) motion. It is undisputed that plaintiffs' attempt to enforce the judgment against these respondents is based exclusively on the judgment obtained against the partnership.

In December 1994, plaintiffs filed a second motion for an order to show cause under C.R.C.P. 106(a)(5) why the individual and corporate respondents should not be bound by the judgment in favor of plaintiffs. The trial court issued its order to show cause.

In January 1995, respondents filed a response to the order to show cause in which they asserted that: C.R.C.P. 106(a)(5) is inapplicable because plaintiffs knew, prior to trial and the entry of judgment in plaintiffs' favor, that the corporate respondent was a partner and because C.R.C.P. 106(a)(5) is inapplicable in tort cases; the individual respondent was not liable on the judgment because he was not a partner; respondents should not be liable for a judgment resulting from litigation in which they did not have an opportunity to defend themselves; and plaintiffs were bound, under the doctrines of *res judicata* and law of the case, by the court's prior determination of their C.R.C.P. 106(a)(5) motion with respect to the individual partners.

In March 1995, the trial court entered its order treating respondents' response as a motion for summary judgment and granting judgment in respondents' favor for "most, if not all, of the reasons set forth in the response."

This appeal followed.

## I

■ Plaintiffs' contentions on appeal are based upon the undisputed fact that, at the time the negligent acts complained of in the malpractice action occurred, the corporate respondent was a member of the partnership against which judgment was entered. Plaintiffs do not allege that the individual respondent (or any employee of the corporate respondent) was negligent in the performance of any services for plaintiffs.

Plaintiffs assert that they were entitled, under C.R.C.P. 106(a)(5), to bind the respondents because all partners of a general part-

nership are liable on the joint obligation of the partnership. We disagree.

Section 13–50–105, C.R.S. (1987 Repl.Vol. 6A) provides that the separate property of any individual member of a partnership is bound by a judgment against the partnership only when that member was named individually as a party to the action.

■ C.R.C.P. 106(a)(5) provides:

In the following cases relief may be obtained in the district court by appropriate action under the practice prescribed in the Colorado Rules of Civil Procedure:

When judgment is recovered against one or more of several persons jointly indebted upon an obligation, and it is desired to proceed against the persons not originally served with the summons who did not appear in the action. Such persons may be cited to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.

Relief under C.R.C.P. 106(a)(5) is generally available when it is discovered after trial or judgment that another person may be liable to pay a judgment debt. *Federal Deposit Insurance Corp. v. Wells Plaza Ltd. Partnership,* 826 P.2d 427 (Colo.App.1992).

Although we recognize that *Federal Deposit Insurance Corp. v. Wells Plaza Ltd. Partnership, supra* dealt with the threshold issue of the propriety of the trial court's determination whether to issue an order to show cause under C.R.C.P. 106(a)(5) and not the issue of the disposition of the C.R.C.P. 106(a)(5) proceeding, we conclude that it accurately summarizes the circumstances in which the rule is applicable. *See also* 5 R. Hardaway & S. Hyatt, *Colorado Civil Rules Annotated* § 106.7 at 513 (2d ed.1985). *Cf. Womack v. Grandbush,* 134 Colo. 1, 298 P.2d 735 (1956) (judgment creditor is entitled under C.R.C.P. 106(a)(5) to an order to show cause issued against partner of judgment debtor partnership in an action in which, prior to entry of judgment, judgment debtor misrepresented in an affidavit that he was

sole owner of the partnership business and there was nothing in the public records to alert judgment creditor to partner's interest). *But cf. Resolution Trust Corp. v. Teem Partnership,* 835 F.Supp. 563 (D.Colo.1993) (permitting plaintiff to file C.R.C.P. 106(a)(5) motion for order to show cause where existence and identity of partner was unknown to plaintiff's predecessor at time action was filed and where plaintiff did not name and serve partner until after judgment entered even though plaintiff learned of partner's interest during discovery).

Here, although the corporate respondent was a member of the partnership, neither it nor the individual respondent (who was not a partner of the law firm) was individually named or served in the underlying action. Plaintiffs do not assert that they did not know of the existence and identities of respondents prior to trial or judgment. Rather, at oral argument, plaintiffs' counsel made the judicial admission that he intentionally did not join respondents in this action until after judgment was entered based upon his friendship with the individual respondent.

Under such circumstances, we disagree with plaintiffs that C.R.C.P. 106(a)(5) provides an "alternative, cumulative remedy" that a party may elect in lieu of naming a defendant during the pendency of the action.

Thus, we conclude that § 13–50–105 is dispositive of plaintiffs' contention and that the trial court correctly ruled in favor of respondents in the disposition of plaintiffs' C.R.C.P. 106(a)(5) motion for order to show cause.

## II

■ Plaintiffs assert that the individual respondent was liable on the judgment based on the provisions of C.R.C.P. 265.A.4. We disagree.

C.R.C.P. 265 authorizes lawyers to form professional service corporations under the Colorado Corporation Code and to operate these corporations for the practice of law, provided the corporations are organized and operated in compliance with the provisions of the rule. *United States v. Empey,* 406 F.2d 157 (10th Cir.1969).

C.R.C.P. 265.A.4. requires that the articles of incorporation of professional service corporations:

shall provide and all shareholders of the corporation shall agree (a) that all shareholders of the corporation shall be jointly and severally liable for all acts, errors and omissions of the employees of the corporation, or (b) that all shareholders of the corporation shall be jointly and severally liable for all acts, errors and omissions of the employees of the corporation except during periods of time when the corporation shall maintain in good standing lawyers' professional liability insurance....

It is undisputed that the claim asserted against respondents pursuant to C.R.C.P. 106(a)(5) is based exclusively on the judgment obtained against the partnership. It is also undisputed that the corporate respondent was a general partner of the partnership and was insured pursuant to the requirements of C.R.C.P. 265.A.4. during the time in which the negligent acts complained of were performed in early 1986 and for some time thereafter.

Plaintiffs allege that the corporate respondent was in violation of the insurance requirements contained in C.R.C.P. 265 and that, therefore, plaintiffs can assert their claim against the individual respondent. We do not consider plaintiffs' conclusion to follow from their premise.

Plaintiffs argue that they cannot recover under the corporate respondent's insurance policy because it is a "claims made" policy and the claim was made after September 1994 when the policy was no longer in effect. Plaintiffs reason, therefore, that because the corporate respondent was in violation of C.R.C.P. 265, the individual respondent is personally liable for the judgment of the partnership.

We conclude that the insurance requirements contained in C.R.C.P. 265 are applicable only for the acts, errors and omissions of the employees of the *corporation* but, here, there is no allegation of wrongdoing on the part of any employee of the corporate respondent. Plaintiffs' claims rest exclusively upon a theory of vicarious liability based upon the corporate respondent's status as a general partner.

Further, there is no language in C.R.C.P. 265 to indicate that a professional corporation is in violation of that rule when its insurance policy, properly maintained at the time of the alleged commission of the negligent act of a partnership, is not effective at the time a claim based exclusively on the corporation's partnership interest is made. And, we decline to read such a requirement into the rule.

## III

Respondents contend that C.R.C.P. 106(a)(5) is not applicable here because that rule does not apply to judgments arising from tort claims. However, for the reasons previously stated, we conclude there is support for the trial court's judgment under C.R.C.P. 106(a)(5) in favor of respondents. Therefore, we need not address the issue of the applicability of C.R.C.P. 106(a)(5) to tort claims.

Similarly, we do not address the remaining contentions asserted by respondents.

The judgment is affirmed.

STERNBERG, C.J., and HUME, J., concur.