Thomas R. GUTRICH and Peggy Ann Gutrich, Petitioners,

v.

COGSWELL & WEHRLE, a Partnership; John M. Cogswell; Richard T. Wehrle; Peter M. Eggleston; PhilLip C. Gans, P.C.; Phillip C. Gans, individually; William E. Brayshaw; Dante L. Zarlengo; Eugene S. Burk; Patrick J. Russell; C. Scott Crabtree; John T. Kearns; Daniel H. Israel; J. Brian Stockmar; Stephen M. Bailey; Stanley F. Freedman, P.C.; Stanley F. Freedman, individually; Ray-

mond L. Sutton, Jr., P.C.; Raymond L. Sutton, Jr., individually; Walter M. Kelly, II; William J. McCarren; Thomas J. Kimmell; James M. Colosky; Michael T. McDonnell, P.C.; and Michael T. McDonnell, individually, Respondents.

Thomas R. GUTRICH and Peggy Ann Gutrich, Petitioners,

v.

Gary P. LaPLANTE and Gary P. LaPlante, P.C., Respondents.

Nos. 97SC120, 97SC121.

Supreme Court of Colorado, En Banc.

July 6, 1998.

Hale Hackstaff Tymkovich ErkenBrack & Shih, L.L.C., Timothy M. Tymkovich, Monica A. Woods, Denver, for Petitioners in No. 97SC120.

Kennedy & Christopher, P.C., Ronald H. Nemirow, John R. Mann, Denver, for Respondents Cogswell & Wehrle; William E. Brayshaw; Eugene S. Burk; John Cogswell; James M. Colosky;C. Scott Crabtree; Peter M. Eggleston; Phillip C. Gans; Phillip C. Gans, P.C.; Daniel H. Israel; John T. Kearns; Thomas J. Kimmell; William J. McCarren; Michael T. McDonnell; Michael T. McDonnell, P.C.; Richard T. Wehrle; and Dante L. Zarlengo

Patrick J. Russell, Pro Se, Denver.

Walter M. Kelly II, Pro Se, Englewood.

J. Brian Stockmar, Pro Se, Denver.

Krys Boyle Freedman & Sawyer, P.C., Stanley F. Freedman, P.C. and Stanley F. Freedman, Pro Se, Denver.

Baker & Hostetler, L.L.P., Raymond L. Sutton, Jr., P.C. and Raymond L. Sutton, Jr., Pro Se, Denver.

No Appearance By or On Behalf of Stephen M. Bailey

Robert M. Hardaway, Denver, Amicus Curiae.

Hale Hackstaff Tymkovich ErkenBrack & Shih, L.L.C. Timothy M. Tymkovich Denver, for Petitioners in No. 97SC121.

Long & Jaudon, P.C., Dennis W. Brown, Denver, for Respondents.

Justice HOBBS delivered the Opinion of the Court.

These consolidated cases involve an action by Thomas and Peggy Ann Gutrich (Gutriches) against twenty individual partners (individual partners) of the now-defunct legal partnership, Cogswell & Wehrle (partnership) and another action against one individual partner of the partnership, Gary LaPlante, P.C., and its sole employee, officer, and shareholder, Gary LaPlante (LaPlante)[1]. The Gutriches contend that they may sue the individual partners and LaPlante after judgment against the partnership and bind the partners' separate property, after expiration of the statute of limitations, to satisfy the uncollected portion of a legal malpractice judgment entered against the partnership in favor of the Gutriches. We granted certiorari in *Gutrich v. Cogswell & Wehrle*, No. 94CA1589 (Colo.App. Nov. 21, 1996), and *Gutrich v. LaPlante*, 942 P.2d 1266 (Colo. App.1996), to resolve the following issues:

Whether the court of appeals erred in holding that Colorado partnership law and the post-judgment remedies of C.R.C.P. 106(a)(5) preclude judgment creditors from enforcing joint obligations of a general partnership against individual partners.

Whether the court of appeals erred in holding that Colorado partnership law and

the post-judgment remedies of C.R.C.P. 106(a)(5) preclude creditors from enforcing joint obligations of a general partnership against an individual partner who never appeared in the underlying action.

The court of appeals dismissed the Gutriches' claims in both cases, holding that section 13–50–105, 5 C.R.S. (1997), controls and that relief cannot be had under C.R.C.P. 106(a)(5) under the circumstances. We affirm the judgments of the court of appeals.

I.

The underlying malpractice judgment in this case arose from the partnership's legal representation of the Gutriches in their real estate development business in February 1986. The Gutriches filed a legal malpractice claim in February 1992 against the partnership, associate Judith Judd, and twenty "unnamed" past and present partners of the partnership. When the complaint was brought, none of the partners was named or served in an individual capacity.

At some point during the litigation and after the statute of limitations had expired, the Gutriches discovered that the partnership's malpractice insurance had lapsed, and that because the partnership had dissolved, funds were no longer available in the partnership to satisfy the judgment. In May 1993, the Gutriches filed a motion to amend their complaint, attempting to substitute as party defendants a number of named individual partners for the twenty unnamed partners. In July 1993 the trial court granted the motion, but later, in March 1994, dismissed the individual partners from the action because the motion was not filed within the statute of limitations and did not satisfy the requirement of "mistake" of identity under C.R.C.P. 15(c) in order to relate back to the date of the original complaint for statute of limitations purposes.

A jury heard the malpractice action against the partnership in August of 1994 and determined that the partnership was

---

1. Gary LaPlante, P.C., a limited liability corporation, was a partner in the partnership; Gary LaPlante is the sole partner in Gary LaPlante, P.C. Because our holding does not depend on identifying Gary LaPlante as a partnership or as an individual, we refer to both defendants simply as "LaPlante."

55% negligent and that the Gutriches themselves were 45% negligent. As a result, the district court entered an award in favor of the Gutriches in the amount of $321,116.19 for compensatory damages, $50,000 for punitive damages, $6 for damages to reputation, and $42,366.19 for prejudgment interest.

In September 1994, the Gutriches filed a motion under Rule 106(a)(5) seeking an order to show cause against the individual partners why they should not be bound by the judgment in the same manner as though they had been originally served with the summons. C.R.C.P. 106(a)(5) provides:

> When judgment is recovered against one or more of several persons jointly indebted upon an obligation, and it is desired to proceed against the persons not originally served with the summons who did not appear in the action. Such persons may be cited to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons, and in his answer any such person may set up any defense either to the original obligation or which may have arisen subsequent to judgment, except a discharge from the original liability by the statute of limitations.

The trial court denied the Gutriches' motion, in reliance on Rule 106(a)(5)'s provision that relief is available only against "persons not originally served with the summons who did not appear in the action." The individual partners had appeared in the action to contest the naming and serving of them after the statute of limitations had run, and the trial court determined that their appearance precluded relief under Rule 106(a)(5). Moreover, the trial court further determined that the Gutriches had known of the individual partners' existence prior to trial or judgment, also precluding application of Rule 106(a)(5).

The Gutriches never attempted to name and serve LaPlante in the underlying action, though they knew him to be a partner of the firm, but in September 1994 they filed a separate motion under Rule 106(a)(5) against LaPlante. The trial court issued the show cause order pursuant to Rule 106(a)(5), but ultimately granted summary judgment to LaPlante when it determined that the rule could not be invoked to afford relief. Though the Gutriches apparently knew LaPlante was a partner, they did not join him as a party to the original action against the partnership.

## II.

We determine that the trial court properly refused to apply Rule 106(a)(5), under the circumstances of this case, in light of section 13–50–105 and C.R.C.P. 54(e).

### A.

#### *Section 13–50–105 and Rule 54(e)*

 We commence with the principles of Colorado partnership law. The General Assembly in the Colorado Uniform Partnership Law Act, §§ 7–60–101 to –154, 2 C.R.S. (1997), has established that all partners of a partnership are jointly and severally liable for all debts and obligations of the partnership, including tort liability. *See* § 7–60–115, 2 C.R.S. (1997); *see also* § 7–60–113, 2 C.R.S. (1997); *Kaneco Oil & Gas v. University Nat. Bank,* 732 P.2d 247, 250 (Colo.App. 1986). Colorado has adopted a "common name" statute, by which a partnership may sue or be sued in its common name *or* by naming its partners. *See* § 13–50–105, 5 C.R.S. (1997); *Bush v. Winker,* 907 P.2d 79, 82 (Colo.1995). A plaintiff need not sue the partners themselves in order to bind the property of the partnership and the joint property of the partners. *See* § 13–50–105.

However, a judgment against the partnership does not bind the separate property of an individual partner unless the plaintiff has named the individual partner and the court has acquired jurisdiction over that individual. *See* § 13–50–105. Section 13–50–105 provides that in an action against a partnership to enforce a substantive right

> only the property of the partnership or other unincorporated association, the joint property of the associates, and the *separate property of any individual member thereof who is named as a party individually and over whom individually the court has acquired jurisdiction* either by entry

of appearance or by service of process may be bound by the judgment therein.

§ 13–50–105 (emphasis added). C.R.C.P. 54(e) parallels the statutory language in providing:

Any judgment obtained against a partnership or unincorporated association shall bind only the joint property of the partners or associates, and the separate property of the parties personally served.

Thus, section 13–50–105 and Rule 54(e) contain a clear requirement that an individual partner must be individually named and served with process in order to bind his or her separate property. In the two Gutrich actions, the Gutriches did not name or serve with process any of the individual partners or LaPlante until after the statute of limitations had run.[2]

### B.

### *Rule 106(a)(5)*

The Gutriches argue that Rule 106(a)(5) provides a method to collect against an individual on a partnership obligation after a judgment has been entered against the partnership, regardless of whether the Gutriches reasonably could have named and served the partners under section 13–50–105, and regardless of the statute of limitations. We do not agree.

Rule 106(a)(5) was designed to provide relief previously available under the writ of *scire facias,* as a post-judgment remedy permitting a creditor to collect on an existing but unsatisfied judgment. *See Federal Deposit Ins. Corp. v. Wells Plaza Ltd. Partnership,* 826 P.2d 427, 428–29 (Colo.App.1992). Rule 106(a)(5) is not a general substitute for maintaining an action and proceeding to judgment against a person through normal process when statutory remedies and procedures are applicable.

In *Ellsberry v. Block,* 28 Colo. 477, 477–79, 65 P. 629, 629–30 (1901), we held that an older statutory version of Rule 106(a)(5) was properly invoked when the sheriff was unable to effect service of process on a co-partner in the underlying action because the person could not be found in the county. In *Womack v. Grandbush,* 134 Colo. 1, 298 P.2d 735 (1956), we permitted enforcement of a debt obligation under the rule against a wife because her husband swore that he was the sole partner of the partnership and failed to disclose his wife's co-partnership interest in an affidavit before the court. In that case, we noted that

under all the facts in the case, and in fairness and justice to all parties concerned, no injury could obtain by requiring the wife to show cause why she is not liable to answer under this judgment. *Had she and her husband properly demeaned themselves concerning the matter of revealing to the public by proper affidavit the status of their business interests, she would no doubt have been made a party defendant in the original action* . . . . To now deny plaintiff the right to discover the true interest entering into the judgment would be to reward people in such enterprises for misrepresentation and nondisclosure to the injury and detriment upon a relying public.

*Id.* at 4, 298 P.2d at 736.

Thus, Rule 106(a)(5) is an appropriate mechanism in cases where the plaintiff, usually due to the misbehavior of the person against whom such relief is directed, has been unable to collect an obligation through normal process or for some other reason a person comes to light who would be liable for payment of the judgment after trial and entry of the judgment but had not been served with the summons and had not appeared in the action. In the context of Colorado partnership law, Rule 106(a)(5) may provide relief when: (1) the plaintiff could not have determined the existence or status of individual partners despite reasonable attempts to ascertain their identities; or (2) the plaintiff could not effectuate personal jurisdiction in the original action; or (3) some other reason beyond the control of the plaintiff prevented

---

**2.** The Gutriches contend that the trial court improperly denied their Rule 15(c) motion to amend the complaint and substitute the individual partners for the unnamed partners. However, the Gutriches did not raise this issue on appeal, and we decline to consider it here.

the plaintiff from naming and serving the individual partners. *See* § 13–50–105.

 Here, the Gutriches actually knew the identities of some of the partners, including Richard Wehrle and John Cogswell, yet did not name them and serve them individually at the outset of the action. They contended that discovery delays prevented them from learning the identities of the other individual partners. However, a letter by the Gutriches' counsel shows that the Gutriches made a conscious decision not to name and serve any of the individual partners because if malpractice insurance covering the firm was sufficient, "it may obviate the need ... to name all the individual partners of Cogswell & Wehrle as defendants." The Gutriches did not attempt to name and serve any of the individual partners as named defendants until more than one year after they filed suit and after the statute of limitations had run.

The Gutriches contend that they were not provided a partnership membership roster in a timely manner. However, the individual partners did not conceal their identities. In bringing the action, the Gutriches could have searched local and national legal directories, checked letterheads, taken depositions, and made other reasonable efforts to determine the identities of the partners. The evidence here is that the Gutriches decided not to name and serve the partners because they intended to rely on the partnership's malpractice insurance to satisfy the judgment; later they changed their minds on discovering that the partnership's malpractice insurance had lapsed. Such a strategic decision should not result in countering the plain meaning of section 13–50–105 and Rule 54(e).

The statute and the rule contemplate that a plaintiff will make an election before the statute of limitations runs whether to seek a judgment binding the separate assets of the individual partners. If so, they must name and serve the individuals. Here, a belated attempt was made to name and serve them; they appeared and were dismissed because the statute of limitations had run. The trial court properly ruled in this context that the individual partners were not persons against whom Rule 106(a)(5) relief can be granted.

### III.

Accordingly, we affirm the judgment of the court of appeals in both cases.

BENDER, J., does not participate.